IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON

CHRISTOPHER GOINS,

        Plaintiff,

v.                                      Case No. 2:13-cv-22141

FAYETTE COUNTY COURT,
OAK HILL COURT,
MT. HOPE COURT, and
WV DEPARTMENT OF MOTOR VEHICLES,

        Defendants.

## PROPOSED FINDINGS AND RECOMMENDATION

On August 22, 2013, the plaintiff filed a Complaint under 42 U.S.C. § 1983 (ECF No. 2.) and an Application to Proceed Without Prepayment of Fees and Costs (ECF No. 1.)  This matter is assigned to the Honorable Thomas E. Johnston, United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).

## THE PLAINTIFF'S COMPLAINT

The plaintiff is not presently incarcerated.  However, his Complaint alleges as follows [no alterations made]:

> I was in prisoner went they say the DUI and happen I have a copy of the date I went to prisoner which was May 15, 2011 which was a Detention Order by Magistrate Judge Mrs. Feinberg.  I was indictment on July 30,

> 2000. My ex-wife let the people have my cloth and every thing that I own at the time. Went I went to court for my federal charge I ask the they would to clean my file from any ticket or DUI and any court my lawyer George Lancaster Jr. did ask as fall as I know. I also ask Mr. Judge Hadd and as fall as I know I was done/plus I would ask if the court would mail copy to each of the court and DMV.

(ECF No. 2 at 4-5.) The relief section of the Complaint states as follows:

> I would ask the court and DMV to let me get my lic back and remove the block if not I will go as fall as I have too.

(*Id.* at 5.)

## **STANDARD OF REVIEW**

Pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B), the court must dismiss a complaint filed by a person seeking to proceed without prepayment of fees and costs if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. A "frivolous" case has been defined as one which is based on an indisputably meritless legal theory. *Denton v. Hernandez*, 504 U.S. 25 (1992). A "frivolous" claim lacks "an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

*Pro se* complaints are held to less stringent standards than those drafted by attorneys, and the court is obliged to construe liberally such complaints. However, in *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 570 (2007), the Supreme Court observed that a case should be dismissed for failure to state a claim upon which relief can be granted if, viewing the well-pleaded factual allegations in the complaint as true and in the light most favorable to the plaintiff, the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." While the complaint need not assert

"detailed factual allegations," it must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* at 555.

The Supreme Court elaborated on its holding in *Twombly* in *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009), a civil rights case. The Court wrote:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. [*Twombly*, 550 U.S.] at 555, 127 S. Ct. 1955 (Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we "are not bound to accept as true a legal conclusion couched as a factual allegation" (internal quotation marks omitted). Rule 8 . . . does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. *Id.*, at 556.
> \* \* \*
> In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

129 S. Ct. at 1949-50.

Because the plaintiff's Complaint fails to state a claim upon which relief may be granted under the standards set forth in *Twombly/Iqbal*, the defendants have not been served with process and should not be required to appear or defend this matter.

## **ANALYSIS**

The plaintiff's Complaint lacks clarity and detail. However, it would appear that the plaintiff is alleging that he was charged with Driving Under the Influence (DUI) at a time when he was incarcerated. According to the docket sheet for his federal criminal

case, on or about May 2, 2001, the plaintiff was indicted by a federal grand jury in this United States District Court, on one count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). (*United States v. Goins,* Case No. 5:01-cr-00124, ECF No. 1.) The plaintiff was arrested and made an initial appearance before United States Magistrate Judge Mary S. Feinberg on May 11, 2001. (*Id.*, ECF No. 9.) The plaintiff was detained in the custody of the United States Marshals Service, pending an arraignment and detention hearing that occurred on May 15, 2001. (*Id.*, ECF No. 10.) At the detention hearing, Magistrate Judge Feinberg ordered that the plaintiff be detained pending trial. (*Id.*, ECF No. 21.) Thus, the plaintiff was in the custody of the United States Marshals Service on May 15, 2001.

However, the plaintiff's Complaint fails to provide any details concerning any alleged DUI, including the date of the alleged offense and in what court he was allegedly charged.[1] He has listed the Fayette County Court (that is, the Circuit Court of Fayette County), and two city courts, Oak Hill and Mt. Hope. It is not the responsibility of this court to act as an advocate on behalf of, or to conduct a fact-finding mission for, the plaintiff. *See Weller v. Department of Soc. Servs.* 901 F.2d 387, 391 (4th Cir. 1990). Accordingly, the undersigned proposes that the presiding District Judge **FIND** that the plaintiff's Complaint does not contain "enough facts to state a claim to relief that is plausible on its face."

---

[1] According to the plaintiff's Presentence Investigation Report prepared in accordance with his federal criminal conviction, the plaintiff was charged with a DUI in Fayette County on or about November 16, 1991, but that charge was dismissed on or about December 24, 1991, almost ten years before the plaintiff was arrested on his federal offense discussed above. There is no other information readily available to this court indicating that the plaintiff had any pending DUI charge around the time that he was in federal custody.

Furthermore, the plaintiff has failed to demonstrate that his alleged DUI conviction has been overturned or otherwise ruled invalid; and, in fact, that is essentially the relief that the plaintiff appears to be seeking from this court. The plaintiff seeks injunctive relief in the form of the return of his driver's license and the removal of a "block." Such relief, if any is warranted, must first be sought through any available remedies in the state courts. To the extent that the plaintiff seeks relief that would appropriately be granted through a writ of habeas corpus or other post-conviction writ, the undersigned proposes that the presiding District Judge **FIND** that the plaintiff has not demonstrated that he has exhausted any remedies in the state courts prior to filing the instant federal civil action.

For the reasons stated herein, it is respectfully **RECOMMENDED** that the presiding District Judge dismiss this civil action for failure to state a claim upon which relief can be granted, within the meaning of 28 U.S.C. § 1915(e)(2)(B). It is further **RECOMMENDED** that the District Court deny Plaintiff's Application to Proceed Without Prepayment of Fees and Costs (ECF No. 1.)

The plaintiff is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Thomas E. Johnston, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the plaintiff shall have fourteen days (filing of objections) and three days (mailing) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed

Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to Judge Johnston.

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to the plaintiff and to transmit a copy to counsel of record.

October 29, 2013

Dwane L. Tinsley
United States Magistrate Judge