IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

CHRISTOPHER B. GOINS,

        Plaintiff,

v.                                      CIVIL ACTION NO.   2:13-cv-22141

FAYETTE COUNTY COURT, et al.,

        Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Plaintiff Christopher B. Goins' pro se Complaint (ECF 2). By Standing Order entered April 8, 2013, and filed in this case on August 22, 2013, this action was referred to United States Magistrate Judge Dwane L. Tinsley for submission of proposed findings and a recommendation ("PF&R"). Magistrate Judge Tinsley filed his PF&R (ECF 15) on October 29, 2013, recommending that this Court dismiss Plaintiff's Complaint for failure to state a claim upon which relief can be granted.

Pursuant to Rule 72(b)(3) of the Federal Rules of Civil Procedure, the Court must determine de novo any part of a magistrate judge's disposition to which a proper objection has been made. The Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Failure to file timely objections constitutes a waiver of de novo review and the Petitioner's right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); *see also Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir.

1989); *United States v. Schronce*, 727 F .2d 91, 94 (4th Cir. 1984). In addition, this Court need not conduct a de novo review when a party "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In reviewing Petitioner's objections, this Court will consider the fact that Plaintiff is acting pro se, and his pleadings will be accorded liberal construction. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Loe v. Armistead*, 582 F.2d 1291, 1295 (4th Cir. 1978).

Objections to the PF&R were due by November 15, 2013. On November 18, 2013, the Clerk of the Court docketed objections received from Plaintiff. These objections appears to have been contained in an envelope postmarked November 6, 2013, and were accompanied by a cover letter dated November 4, 2013. The envelope appears to have been damaged in the mail such that a corner containing a small portion of the Clerk's address was torn away. In consideration of these facts, the Court will deem timely the objections received from Plaintiff.

Plaintiff's Complaint and his objections are very difficult to comprehend, but Plaintiff appears to be asserting that someone used his identification without his authorization and that that person received a driving under the influence ("DUI") offense. Plaintiff asserts that the DUI was charged against him, however, and resulted in his license being taken away. Plaintiff further asserts that he was incarcerated in federal prison at the time that this DUI allegedly occurred and that, therefore, he could not have committed it.

The PF&R recommends that this Court find that Plaintiff's Complaint does not contain sufficient facts to state a claim for relief that is plausible on its face and that this Court cannot issue the relief Plaintiff seeks at this time.

Even construed liberally, Plaintiff's objections largely reiterate the factual allegations from his Complaint and do not address either the factual failings or legal problems with his Complaint that were identified in the PF&R. Accordingly, the Court has no occasion to review such findings. *See Thomas* 474 U.S. at 150; *Orpiano*, 687 F.2d at 47.

Additionally, in his objections, Plaintiff also asks the Court to "look at med Rec," "pull the Record" and "pull All Rec." The Court cannot meaningfully respond to such vague requests, nor is it the Court's role to advocate for Plaintiff or conduct a fact-finding mission on his behalf. To the extent that Plaintiff is asserting that records exist regarding his prior federal conviction, the magistrate judge *did* review the records of Plaintiff's federal conviction and Plaintiff has not identified what, if anything, additional he thinks may be shown.

For these reasons, the Court **ADOPTS** the PF&R [ECF 4], **DENIES AS MOOT** Plaintiff's application to proceed without prepayment of fees and costs [ECF 1], **DISMISSES** the Complaint [ECF 2], and **DIRECTS** the Clerk to remove this case from the Court's docket.

The Court also **DENIES** Plaintiff requests (ECF 5 at 2; ECF 5-1) that the Court appoint counsel to represent him because Plaintiff has not demonstrated that exceptional circumstances exist with respect to either the claim or the litigant that would support the appointment of counsel. *See* 28 U.S.C. § 1915(e); *Cook v. Bounds*, 518 F.2d 779, 780 (4th Cir. 1975) ("[I]t is well settled that in civil actions the appointment of counsel should be allowed only in exceptional cases . . . ."); *Whisenant v. Yuam*, 739 F.2d 160, 163 (4th Cir. 1984) *abrogated on other grounds by Mallard v. U.S. Dist. Court for S. Dist. of Iowa*, 490 U.S. 296 (1989) ("The question of whether such circumstances exist in any particular case hinges on characteristics of the claim and the litigant."); *Givens v. Main St. Bank*, 5:08CV25, 2010 WL 2925942 (N.D. W. Va. July 22, 2010) *aff'd sub*

3

*nom. Givens v. Criswell*, 425 F. App'x 236 (4th Cir. 2011) (explaining that the authority to appoint counsel to an indigent plaintiff in a civil action, "is discretionary, and there is no constitutional right to have appointed counsel in a civil action").

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: August 22, 2014

_____
THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE